IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Elizabeth Engwer, | ) | C/A NO. 3:06-2271-CMC |
| | ) | |
| Plaintff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Deputy John Sims, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for summary judgment. For the reasons set forth below, the court **grants** Defendant's motion.

Plaintiff alleges Defendant violated her Fourth Amendment rights by arresting her without probable cause on the evening of January 27, 2006. Plaintiff's complaint also includes state law claims for false arrest and malicious prosecution.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate

burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere

scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

Defendant seeks summary judgment based on qualified immunity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 818. Thus, determining whether an official is entitled to qualified immunity requires that the court make a two-step inquiry "in proper sequence." *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). As a threshold matter, the court must determine whether, taken in the light most favorable to the plaintiff, the facts alleged show that the official's conduct violated a constitutional right. *Id*. If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and the plaintiff cannot prevail. *Id*. If the facts do establish such a violation, however, the next step is to determine whether the right violated was clearly established at the time of the alleged offense. *Id*. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id*. "If the right was not clearly established in the 'specific context of the case'–that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted'–then the law affords immunity from suit." *Id*. (quoting *Saucier*, *supra*, 533 U.S. at 201).

Taken in the light most favorable to Plaintiff, the facts are as follows. Plaintiff and her husband, Kurt Engwer (Kurt), had an argument in their home on the evening of January 27, 2006.

Both parties had been drinking alcohol. Plaintiff admits she was intoxicated, although she testified that she was not so intoxicated that she cannot remember the events of the evening. Depo. of Elizabeth Engwer (hereafter "E. Engwer Depo.") at 23 (Dkt. #8-4, filed Apr. 3, 2007). The argument escalated into a physical altercation when Plaintiff attempted to call 911. Neither Plaintiff nor Kurt can confirm that the call successfully reached the 911 operator. Even if Plaintiff reached 911, she did not speak to a 911 operator. As they were struggling over the telephone, Kurt bit Plaintiff's finger, and Plaintiff "started screaming . . . ." *Id*. Plaintiff then scratched Kurt. Kurt slapped Plaintiff in the face, and she left the house. Kurt did not follow her. Plaintiff was outside, crying, when Defendant arrived.

Deputy John Sims (Sims) is a Deputy Sheriff employed by the Kershaw County Sheriff's Department. On January 27, 2006, Sims was dispatched to the Engwer residence pursuant to a 911 call, arriving at approximately 9:00 p.m. At the time of the incident, Sims believed the 911 call came from the Engwers' only neighbor, a house located within fifteen to twenty feet of the Engwers' residence.[1] Sims does not specifically recall whether the lights were on or off in the neighbor's house; however, "[o]ften time people will turn out the lights and act as if they are not home when a disturbance is going on next door and they have reported it to law enforcement." Aff. of John Sims (hereafter "Sims Aff.") at 2 (Dkt. # 8-3, filed April 3, 2007). Kurt testified in his deposition that the neighbors had not been home all day. Deposition of Kurt Engwer (hereafter "K. Engwer Depo.") at 18 (Dkt. #8-5, filed Apr. 3, 2007). Both Plaintiff and Kurt testified that the lights were off in the neighbor's house.

---

[1] The Engwers lived on a street upon which, at the time, only two homes had been built (the Engwers' and one other).

4

Deputy Sims encountered Plaintiff outside her residence without shoes on a January night, "highly intoxicated" and crying.[2] Sims Aff. at 2. Plaintiff does not know whether she was crying "hysterically," or whether she was crying loudly or quietly. E. Engwer Depo. at 31-32, 60. Plaintiff may have been slurring her speech. *See* Sims Aff. at 2 (Plaintiff was "barely able to communicate with me"); K. Engwer Depo. at 16 (Plaintiff "probably was" slurring her speech). Sims questioned Plaintiff, and she informed him that Kurt had bitten her finger and slapped her face. Sims Aff. at 2. Sims entered the house and spoke to Kurt. He observed scratches "primarily" on Kurt's arms. *Id*. Kurt told Sims that Plaintiff had scratched him; however, Plaintiff (at the time) denied scratching Kurt. Based upon his interview of the parties and his observations, Sims arrested Kurt for criminal domestic violence and Plaintiff for breach of the peace. Plaintiff was subsequently found not guilty on the charge of breach of the peace.

**Fourth Amendment Claim**

Plaintiff contends in her complaint that Sims did not have probable cause to arrest her for breach of the peace, and therefore her arrest violated the Fourth Amendment. Sims argues that probable cause existed for her arrest for breach of the peace, and that even if probable cause was lacking for an arrest for breach of the peace, probable cause existed to charge Plaintiff with criminal domestic violence, and therefore her arrest did not violate the Fourth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe

---

[2]Sims avers in his affidavit that Plaintiff was "crying and screaming hysterically." Sims Aff. at 2. However, Plaintiff denies "screaming." E. Engwer Depo. at 60.

that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

"[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Id*. at 153. The Supreme Court has explained that "the Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent." *Whren v. United States*, 517 U.S. 806, 814 (1996). An arrest is valid if "based on the facts known to the officer, objective probable cause exist[s] as to *any* crime." *United States v. McNeill*, 484 F.3d 301, 311 (4th Cir. 2007) (citing *Devenpeck*, *supra*.). *See also Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.").

The existence of probable cause depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). Two factors govern the determination of probable cause in any situation: "the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Therefore, probable cause "could be lacking in a given case, and an arrestee's right violated, either because of an arresting officer's insufficient factual knowledge, or legal misunderstanding, or both." *Id*. However, "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment . . . ." *Hill v. California*, 401 U.S. 797, 804 (1971).

The facts known to Sims at the time of the incident were that: (1) he was dispatched to the Engwers' residence in response to a 911 call which he believed came from the neighbors' house; (2) the neighbor's house was in relatively close proximity; (3) Plaintiff was outside at 9:00 p.m. on a January night; (3) Plaintiff was crying; and (5) Sims found Plaintiff to be "highly intoxicated . . . ." Sims Aff. at 2. Sims avers that he believed that "the conduct of [Plaintiff] was disturbing the neighbors and that the 911 call did come from [the neighbors]." *Id*. Sims also avers Plaintiff "did not inform me that she had placed the 911 call." *Id*.

Under South Carolina law, "[t]he term 'breach of the peace' is a generic one embracing a great variety of conduct destroying or menacing public order and tranquility. In general terms, it is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence. Although it includes acts likely to produce violence in others, actual violence is not an element of breach of peace." *State v. Peer*, 466 S.E.2d 375, 379 (S.C. Ct. App. 1996) (citations omitted). There must be some evidence that Plaintiff's actions "caused at least a minimal level of 'nervousness, frustration, anxiety,' anger, or other evidence that the peacefulness of the neighborhood had been breached." *In the Interest of Jeremiah W.*, 576 S.E.2d 185, 188 (S.C. Ct. App. 2003) (quoting *State v. Peer*, *supra*, 466 S.E.2d at 377), *rev'd on other grounds*, 606 S.E.2d 766 (S.C. 2004).

At the time of the incident, Sims encountered Plaintiff outside in an intoxicated state, crying, within close proximity of the only other house on the street, and he reasonably could have believed that Plaintiff had sufficiently disturbed the neighbors such that they had placed a call to 911. Therefore, the court finds that a reasonable officer could have believed at the time of the arrest that probable cause existed for Plaintiff's arrest for breach of the peace.

However, assuming Sims did not have probable cause to arrest Plaintiff for breach of the peace, the court also finds that probable cause existed to arrest Plaintiff for criminal domestic violence. At the time of the incident, Sims "observed scratches on Mr. Engwer primarily on the arms. Mr. Engwer informed me that his wife had scratched him, which she denied at the time rather blaming the scratches on the dog. However, I found that Mrs. Engwer was highly intoxicated and therefore not believable." Sims Aff. at 2. Sims avers that "[b]ased on the information provided to me . . . and my own observations, . . . I believe that there was probable cause to arrest Mrs. Engwer for criminal domestic violence given evidence that she had physically harmed her husband." *Id*. at 3. In response, Plaintiff offers the affidavit of Kurt Engwer, who avers that "[Plaintiff] scratched my neck to get me to stop biting her finger and get away. Deputy Sims was told this." Aff. of Kurt Engwer at 1 (Dkt. # 10-2, filed Apr. 23, 2007). However, the affidavit not indicate that Sims was told *at the time of the incident* that Plaintiff's actions may have been defensive. Additionally, Plaintiff does not deny scratching Kurt. In fact, Plaintiff testified in her deposition that she used both hands to scratch Kurt on both sides of his neck "*[a]fter* he let go of my finger . . . ." E. Engwer Depo. at 61 (emphasis added). Based upon the evidence presented, the court finds that objective probable cause existed for Plaintiff's arrest for criminal domestic violence.

Based upon the foregoing, the court finds Defendant is entitled to summary judgment as Plaintiff has failed to establish a violation of her Fourth Amendment rights.

**False Arrest**

To prevail on a state law cause of action for false arrest, Plaintiff must establish: "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 651 (S.C. 2006). Plaintiff

cannot meet the third element, as this court has determined above that probable cause existed for Plaintiff's arrest, whether it be for breach of the peace or criminal domestic violence.

Plaintiff also contends that a warrant was necessary for her arrest, as the alleged offense did not occur in Sims' presence. However, "an officer can arrest for a misdemeanor [not committed within his presence] when the facts and circumstances observed by the officer give him probable cause to believe that a crime has been freshly committed." *State v. Martin*, 268 S.E.2d 105, 107 (S.C. 1980).[3]

If Sims had proceeded with the criminal domestic violence charge, Sims was vested with statutory authority to effect Plaintiff's arrest without a warrant, as South Carolina Code § 16-25-70(B) gives officers authority to arrest a person, with or without a warrant, "if physical manifestations of injury to the alleged victim are present and the officer has probable cause to believe that the person is committing or has freshly committed" criminal domestic violence.[4]

---

[3] To the extent that Plaintiff contends that she could not be arrested for a misdemeanor, this claim fails. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

[4] South Carolina Code § 16-25-70(D) requires that "[i]f a law enforcement officer receives conflicting complaints of domestic or family violence from two or more household members involving an incident of domestic or family violence, the officer must evaluate each complaint separately to determine who was the primary aggressor. If the officer determines that one person was the primary physical aggressor, the officer must not arrest the other person accused of having committed domestic or family violence." However, § 16-25-70(F) states that "[a] law enforcement officer who arrests two or more persons for a crime involving domestic or family violence must include the grounds for arresting both parties in the written incident report, and must include a statement in the report that the officer attempted to determine which party was the primary aggressor pursuant to this section and was unable to make a determination based upon the evidence available at the time of the arrest." Therefore, even if Plaintiff were to argue that her arrest was improper under § 16-25-70(D) because she is identified in the police report as the "victim," Sims could have effected her arrest under § 16-25-70(F).

9

Therefore, having failed to prove the third element of her cause of action, Defendant is entitled to summary judgment on Plaintiff's claim for false arrest.

**Malicious Prosecution**

Under South Carolina law, "to maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. . . . An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause." *Law*, *supra*, 629 S.E.2d at 648 (internal quotations and citations omitted).

Plaintiff has failed to establish the fifth element of her malicious prosecution claim. Therefore, Defendant is entitled to summary judgment on this cause of action as well.

**Conclusion**

For all the reasons stated above, Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

> s/ Cameron McGowan Currie
> CAMERON McGOWAN CURRIE
> UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 26, 2007

C:\Documents and Settings\Wendy\Local Settings\Temp\notes6030C8\06-2271 Engwer v. Sims e gr sumjgm 1983 4th amd false arrest.wpd